UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 22-cv-11239
    Hon. Matthew F. Leitman

DIANE SZOSTAK (a/k/a DIANNE SZOSTAK);
SHAWN MICHELLE ANDERSON,
TRICIA ANN TRIMBLE, and
JOHN DOE as Trustee of the
PATRICIA ANN ANDERSON TRUST,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND TO EXTEND THE TIME TO COMPLETE SERVICE (ECF No. 10)

On June 6, 2022, Plaintiff United States of America filed this action against Defendants Diane Szostak ("Szostak"), Shawn Michelle Anderson ("Anderson"), Tricia Trimble ("Trimble"), and John Doe as Trustee of the Patricia Ann Anderson Trust ("Trustee"). (*See* Compl., ECF No. 1.) The United States is seeking: 1) a judgment that Defendant Szostak is liable for federal income taxes, penalties, and interest for the year 2011 and for frivolous submission penalties for the years 2007, 2008, and 2009; and 2) a determination that the United States' federal tax liens have attached to real property located at 4633 Capac Rd., Capac, MI 48014 ("the Capac Road Property") or, alternatively, that the transfer of that property by Szostak was

1

fraudulent and therefore void as to the United States. (*Id.*) The Court issued summonses for all Defendants on June 7, 2022. (*See* Summons, ECF No. 2.) But none of the Defendants have responded to the Complaint in any way, and the Court entered a Clerk's Entry of Default against Defendants Szostak, Trimble, and Anderson on August 19, 2022. (*See* Clerk's Entry of Default, ECF No. 7, 8, 9).

On September 1, 2022, the United States filed a motion "for service by publication and to extend the time to complete service." (*See* Mot., ECF No. 10). In the motion, the United States contends that it has made several attempts to identify the Trustee so that it may serve process. But none of the known Defendants has identified the Trustee, and the United States has no means to identify the Trustee itself. The United States now seeks the Court's permission to complete service of the Trustee by "publishing a notice containing the information required by Mich. Ct. R. 2.106(C)(1) once a week for three weeks (or for such further time as this Court may require) in *The Port Huron Times Herald*." (Mot., ECF No. 10, PageID.63.)

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Michigan Court Rule 2.105, in turn, governs service of process in the State of Michigan. That rule provides that process may be served on a resident or non-resident individual by:

2

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

Michigan Court Rule 2.105 also provides that alternate service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry

3

    to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J). Since trusts themselves do not generally have the capacity to be sued, the trustee is the real party in interest with the power to defend actions, so service should be completed on the trustee. *See* 76 Am. Jur. 2d Trusts § 601, Westlaw (August 2022 Update); *see also Shirley T. Sherrod MD PC Target Benefit Pension Plan and Trust v. Suntrust Investment Services, Inc.*, Case No. 21-10484, 21 WL 1686291, at *5 (E.D. Mich. 2021) (citing *Coverdell v. Mid-South Farm Equipment Ass'n*, 335 F.2d 9, 12-13 (6th Cir.) (1964)).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). Rather, a truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

Here, the Court concludes that the United States' motion satisfies the requirements for alternative service. First, the United States has sufficiently shown that service of John Doe "cannot reasonably be made" under the usual methods for service of an individual under Michigan Court Rules. Mich. Ct. Rule 2.105(J)(1). After filing its complaint, the United States sent individual letters to Defendants

Szostak, Trimble, and Anderson requesting that they provide the identity and contact information for the Trust's trustee. (*See* Mot., ECF No. 10, PageID.62.) Only Trimble responded, calling counsel for the United States to explain that she is not in contact with her mother, Diane Szostak, and that she does not know anything about the formation, existence, or operation of the Patricia Ann Anderson Trust. (*Id.*)

Second, as required under Michigan Court Rule 2.105(J)(2), the United States submitted a verified motion that is dated within 14 days of filing, and it was supported by exhibits demonstrating that the United States has diligently attempted to ascertain the identity of the Trustee in order to serve process. (*See* Mot., ECF No. 10.).

Finally, the United States has demonstrated that service by publication is "reasonably calculated to give actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(J)(1). The notice will be published in *The Port Huron Times Herald* in St. Clair County, where both the Capac Road Property and the Trust are located. (Mot., ECF No. 10, PageID.65).

The Court further finds that good cause exists to allow the United States a modest extension of time to complete service by publication. *See* Fed. R. Civ. P. 4(m). As Plaintiff notes, "it would be impossible to effect service by publication under Mich. Ct. R. 2.106 by September 5, 2022, so it would be futile to grant the

5

United States leave to do so without also extending the time for service under Rule 4(m)."  (Mot., ECF No. 10, PageID.67.)

For these reasons, Plaintiff's motion for service by publication and to extend the time to complete service is **GRANTED.**  Plaintiff shall publish a notice containing the information required by Mich. Ct. R. 2.106(C)(1) once a week for three weeks in *The Port Huron Times Herald*.  The publication notice shall be directed "To the Trustee of the Patricia Ann Anderson Trust or any other person with an interest in the real property located at 4633 Capac Road, Capac, MI, 48041."  The deadline to complete service of process shall be extended until October 20, 2022.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 7, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
