UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DIANE SZOSTAK (a/k/a DIANNE SZOSTAK);
SHAWN MICHELLE ANDERSON,
TRICIA ANN TRIMBLE, and
JOHN DOE as Trustee of the
PATRICIA ANN ANDERSON TRUST,

    Defendants.

Case No. 2:22-cv-11239
Hon. Matthew F. Leitman

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND/OR MOTION TO ALTER OR AMEND THE JUDGMENT (ECF No. 54)**

In this action, Plaintiff United States of America alleged that Defendant Diane Szostak a/k/a Dianne Szostak was liable for unpaid federal income taxes, penalties, and interest. (*See* Compl., ECF No. 1.) The United States sought a money judgment against Szostak in the amount of those liabilities and a determination that the federal tax liens securing those liabilities may be enforced against property located at 4633 Capac Road, Mussey, MI 48014.[1] (*See id.*)

---

[1] This property has also been identified by an alternative address of 4633 Capac Road, Capac, MI 49104. (*See* Mot., ECF No. 40, PageID.703.)

1

On November 18, 2024, the Court granted the United States' superseding motion for summary judgment. (*See* Order, ECF No. 47.) In the Court's order granting that motion, the Court determined that the United States was entitled to certain specific amounts in addition to an unspecified amount of interest. (*See id.*) The Court thereafter directed the United States to (1) complete a final interest calculation, (2) prepare a proposed judgment, and (3) file a motion for entry of judgment in which it set forth its final interest calculations, the total amount it claims due, and a proposed judgment. (*See* Order, ECF No. 48.) The United States filed that motion and proposed judgment. (*See* Mot., ECF No. 49.) Szostak did not respond to the motion. The Court granted the motion and entered judgment against Szostak on January 27, 2025. (*See* Order, ECF No. 52; Judgment, ECF No. 53.)

Szostak has now filed a motion for reconsideration and/or a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (*See* Mot., ECF No. 54.) Szostak seeks relief on two bases. Neither provides grounds for the relief Szostak seeks.

First, Szostak asserts that it was error for the United States to use the term "frivolous" to describe Szostak's claims for tax refunds. (*See id.*, PageID.1583-1584.) However, the United States' use of that term in its filings is not a basis for reconsideration of this Court's order, nor is it grounds to alter or amend the judgment entered by the Court.

Second, Szostak claims the Court erred by "using the 'frivolous' label" to "discount and ignore" Szostak's challenges to the validity and existence of the Department of Internal Revenue and the Department of Justice. (*Id.*, PageID.1585.) But the Court did not use the term "frivolous" in the order Szostak seeks to have reconsidered. (*See* Order, ECF No. 52.) And while the word "frivolous" does appear in the judgment, that is no basis to alter or amend the judgment. The Court used the term "frivolous" in the judgment to describe the basis on which the United States Internal Revenue Service had assessed penalties against Szostak (*see* Judgment, ECF No. 53) – not to "discount" or "ignore" Szostak's arguments.

For all of these reasons, Szostak has failed to show that the Court committed error in the order and/or judgment she seeks to have reconsidered. Her motion is therefore **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126